Channing J. Hartelius
HARTELIUS LAW CENTER
401 3rd Ave. North
P.O. Box 1024
Great Falls, MT 59403
Telephone: 406-788-0035
Facsimile: 406-731-
Email: channing@harteliuslaw.com

IN THE UNTITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| HERITAGE INN, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>BERKLEY NORTH PACIFIC GROUP, UNION INSURANCE COMPANY, JOHN DOES 1-5.<br><br>    Defendants. | Cause No:<br><br><br>COMPLAINT AND JURY DEMAND |

COMES NOW the Heritage Inn, Inc. and alleges and makes claim against the Defendants as follows:

I.     GENERAL ALLEGATIONS

1. The court has jurisdiction in that the Defendants Berkley North Pacific (Hereinafter BNP) and Union Insurance Company are out of state insurance companies and the claim exceeds $75,000.00.

2. The Heritage Inn, Inc., is incorporated in the State of Montana and is in good standing.

3. BNP is an insurance company domiciled in Urbandale, Iowa, and selling insurance in the State of Montana.

4. Union Insurance Company is an insurance company domiciled in Urbandale, Iowa and selling insurance in the State of Montana.

5. Union Insurance Company through BNP sold a commercial insurance policy to the Heritage Inn, Inc., providing coverage from March 1, 2019 to March 1, 2020. The applicable coverages are for damage to the premises and loss data special coverage.

6. Janice Selstad and SELSTAD LAWN RANGER SPRAY SERVICE, INC., (hereinafter Selstad et al) are located in Great Falls, Montana.

7. Selstad et al is insured by Liberty Mutual Insurance, an insurance company domiciled in Boston, Massachusetts.

8. Defendants John Does 1 through 5, are unknown to Plaintiff, at this time, but may be liable for the damages to the Plaintiff. When the Plaintiff has more information a motion to add parties will be made.

9. On April 5, 2019, Janice Selstad operating a Selstad et al truck, while intoxicated drove into an annex of the Heritage Inn. This caused significant damages to include but not limited to; a) the glass entry way; b) The carpet on the first and second floors; and c) cracks in the walls, d) other damages to the floors and premise.

10. The Heritage Inn hired businesses, as well as using in house personnel to assist in cleanup and repairs.

11. The Heritage inn also incurred costs and losses related to dealing with the losses including meeting to assess loss, obtaining information to support the loss, acquiring loss data information, and hiring counsel to pursue reasonable losses.

12. The Heritage Inn made a claim against Selstad et al's and Selstad's insurance carrier Liberty Mutual for damages. Some damages were paid but Liberty Mutual refused to pay for all the damages.

13. As such Heritage Inn hired Channing J. Hartelius, Esq., to pursue recovery of all damages.

14. Claim was then made to BNP and Union Insurance Company through BNP pursuant to coverage on the BNP/Union Insurance Company policy.

15. Union Insurance Company through BNP has refused to pay all the damages under the policy as pled further below, resulting in the need to file this lawsuit.

II.     BREACH OF CONTRACT-CARPET REPLACEMENT

16.  Plaintiff repleads paragraphs 1-15, as if fully set forth.

17. BNP hired Larry Splinter, an out of state adjuster to handle the claim   for BNP.

18.  BNP investigated the claim and recognized that carpet needed to be replaced.

19. Eventually after lengthy delay and obtaining bids and carpet samples, BNP finally agreed to pay for the first floor carpet but refuses to pay anything for carpet replacement on the second floor.

20.  On July 27, 2020 BNP offered to pay to the firewall on the first and second floors. There was no logical or legal basis for stopping at the firewalls.

21. Finally, in December 2020, BNP did confirm its obligation to pay for total carpet replacement in the first floor hallway but has continued to refuse to pay for any of the second floor carpet, necessitating the hiring of legal counsel.

III.   BREACH OF CONTRACT -LOSS DATA COVERAGE

22. Plaintiff repleads paragraphs 1-21, as if fully set forth.

23. The BNP loss data coverage has a limit of $25,000.00.

24. Heritage Inn made claim for the entire $25,000.00 based upon management meeting, efforts to compile information, and attorney assistance.

25. BNP paid $9,695.90 of the limits and refuses to pay anymore at this time.

26. BNP has required an examination under oath of Heritage Inn President Roy Volk.  BNP at one time did not insist on an EUO but then demanded same and taking more time and cost and frustration to the Heritage Inn.  The EUO was conducted on January 12, 2021.

27. BNP has hired legal counsel, Jeff Tindal from Seattle, Washington as coverage counsel who refuses to discuss settlement or resolution despite documentation of loss and the EUO.

28. BNP has waived the coverage limit in that the Heritage Inn offered a release if the balance of the $25,000.00 i.e. $15,304.10 was paid.  The loss data claim exceeds the policy limits.

29. The Heritage Inn has been required to seek legal counsel to pursue unjustified refusal to pay the limits and is entitled to reimbursement of attorney fees as such.

IV.   VIOLATIONS OF THE MONTANA UNFAIR TRAADE PRACTICES ACT

30. Plaintiff repleads paragraphs 1-29, as if fully set forth.

31. BNP and Union Insurance Company are subject to the statutory obligations of an insurer under Montana law enumerated in 33-18-201 M.C.A. including the duty to affirm or deny coverage within a reasonable time, the duty to not misrepresent coverage, including misrepresentations by omission or failure to respond, the duty to not refuse to pay a claim without conducting a reasonable investigation, the duty to attempt in good faith to effectuate an prompt, fair and equitable settlement when liability is reasonably clear, the duty to not compel insureds to file suit to recover amounts due under a policy and the duty to provide a reasonable explanation of the basis in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

32. BNP and Union Insurance Company violated each of these statutory obligation to Plaintiff with respect to the Heritage Inn claims.

33. BNP and Union Insurance Company's violation of Montana Law give rise to these extra-contractual tort claims.

## V. COMMON LAW BAD FAITH

34. Plaintiff repleads paragraphs 1-33, as if fully set forth.

35. BNP and Union Insurance Company acted in common law bad faith when they violated Montana Law and are refusing to pay reasonable damages.

## VI. PUNITIVE DAMAGES

36. Plaintiff repleads paragraphs 1-35, as if fully set forth.

37. The acts and omissions of BNP and Union Insurance Company were intentional and/or in reckless disregard of the rights and safety of Plaintiff Heritage Inn, thereby entitling Plaintiff Heritage Inn to an award of punitive damages against Defendants BNP and Union Insurance Company pursuant to Mont. Code Ann. §27-1-221.

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. For BNP and Union Insurance Company to pay general and special damages in an amount to be proven at trial;
2. For BNP and Union Insurance Company to pay punitive damages for the sake of punishing Defendants and deterring similar unwarranted and unlawful conduct;
3. For BNP and Union Insurance Company to pay attorney fees and costs;
4. For BNP and Union Insurance Company to pay interest;
5. For such other relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated this ___ day of February, 2021.

_____
Channing J. Hartelius